1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

11
12
13
14
15
16
17

EMMA KING,                                          )
                                                    )       Case No. CV 02-3597 AJW
              Plaintiff,                            )
                                                    )
       v.                                           )
                                                    )
JO ANNE B. BARNHART,                                )       ORDER GRANTING  PETITION
COMMISSIONER OF SOCIAL                              )       FOR ATTORNEYS' FEES
SECURITY ADMINISTRATION,                            )       42 U.S.C. § 406(b)
                                                    )
              Defendant.                            )
                                                    )

18
19
20
21
22
23
24

       Plaintiff's counsel Bill LaTour ("petitioner") has filed a petition for attorneys' fees under 42 U.S.C. § 406(b) (the "Petition") in the total amount of $22,048.50, representing 25% of plaintiff's past-due social security disability insurance benefits award. Plaintiff previously was awarded the sum of $2,774.00 pursuant to the Equal Access to Justice Act ("EAJA"), 24 U.S.C. § 2412(d), and she assigned that award to petitioner.  [Order filed March 24, 2003; Declaration of Bill LaTour ("LaTour Decl."), Ex. 1].  Petitioner requests an order for a net fee under section 406(b) of $19,274.50. [Petition 3].

25
26
27
28

       Defendant filed a response to the petition discussing the principles for determining a "reasonable" attorney's fee, but because she is not a party to the fee agreement between plaintiff and petitioner, she has not taken a position supporting or opposing the fee petition. Nonetheless, defendant suggests that the court consider whether the fee sought by petitioner

1   amounts to a windfall.

2   **Proceedings**

3       Plaintiff retained petitioner to represent her in this action for review of the

4 Commissioner's decision denying her application for disability insurance benefits, and she

5 agreed to pay petitioner an amount equal to twenty-five percent of any past-due benefits that

6 were awarded if she prevailed in this case.  Plaintiff also assigned to petitioner any court-

7 awarded EAJA fees, with the proviso that the EAJA fees might reduce or even eliminate the

8 amount that she would be obligated to pay from her past-due benefits.[1]  [Petition 3-4; LaTour

9 Decl., Ex. 1].

10       On February 25, 2003, judgment was entered reversing and remanding this case to

11 defendant for further administrative proceedings.  On remand, plaintiff was awarded social

12 security disability insurance benefits, including past-due benefits in the amount of $88,194.00.

13 [Petition 3; LaTour Decl., Ex. 5 ].  The notice of award states that the Commissioner "approved

14 the fee agreement between you and your lawyer....  Under the fee agreement, the lawyer cannot

15 charge you more than $4,000 for his or work.... You [or] your lawyer ... can ask us to review

16 the amount of the fee we say the lawyer can charge." [LaTour Decl., Ex. 5].  This appears to be

17 a reference to a separate fee agreement between plaintiff and petitioner for work at the

18 administrative level. [See LaTour Decl., Ex. 1 (stating that "[t]his agreement is in addition to

19 any previous fee agreement I have signed with my attorney for representation before the Social

20 Security Administration.")].  Petitioner has represented that the Commissioner will not process

21

22     [1]   In general, where attorneys' fees are awarded under both the EAJA and section

23 406(b), the attorney must refund the smaller of the two awards to the claimant. See

24 Gisbrecht v. Barnhart, 535 U.S.789, 789 (2002) (noting that "Congress harmonized fees
payable by the Government under EAJA with fees payable under § 406(b) out of the

25 claimant's past-due Social Security benefits" by requiring the claimant's attorney to refund
to the claimant the amount of the smaller fee up to the point where the claimant receives

26 100% of the past-due benefits).   Plaintiff's assignment of her EAJA fees means that the
amount of plaintiff's prior EAJA award must be deducted from the amount of § 406(b) fees

27 otherwise payable to petitioner.

28

1  that fee petition because the matter is now pending before this court. [Petition 4].  An award

2  of fees by the Commissioner for work at the administrative level does not preclude this court

3  from making a separate fee award for representation before this court (provided, however, that

4  no more than 25% of a claimant's past-due benefits award may be withheld and paid for

5  attorneys' fees).  See 42 U.S.C. § 406(a)&(b)(fees for representation before the Commissioner

6  and in federal court); 20 C.F.R. § 404.1730 (payment of fees allowed by a court or by the

7  Commissioner).

8                                              **Discussion**

9          Section406(b) provides, in part:

10             Whenever a court renders a judgment favorable to a claimant under this

11             subchapter who was represented before the court by an attorney, the court may

12             determine and allow as part of its judgment a reasonable fee for such

13             representation, not in excess of 25 percent of the total of the past-due benefits to

14             which the claimant is entitled by reason of such judgment, and the Commissioner

15             of Social Security may . . . certify the amount of such fee for payment to such

16             attorney out of, and not in addition to, the amount of such past-due benefits.

17  42 U.S.C. § 406(b)(1)(A).  Thus, "a prevailing [disability] claimant's [attorney's] fees are

18  payable only out of the benefits recovered; in amount, such fees may not exceed 25 percent of

19  past-due benefits."  Gisbrecht v. Barnhart, 535 U.S. 789, 792 (2002).  In Gisbrecht, the

20  Supreme Court explained that where the plaintiff has entered into a contingent fee agreement

21  with counsel, section 406(b) is meant "to control, not to displace, fee agreements between

22  Social Security benefits claimants and their counsel." Gisbrecht, 535 U.S. at 793.  The Court

23  held that where the claimant and counsel had entered into a lawful contingent fee agreement,

24  courts that used the "lodestar" method as the starting point to determine the reasonableness

25  of fees requested under section 406(b) improperly "reject[ed] the primacy of lawful attorney-

26  client fee agreements." Gisbrecht, 535 U.S. at 793.  While courts review fee agreements as an

27  "independent check, to assure that they yield reasonable results in particular cases," lawful

28

1    contingent-fee agreements are "the primary means by which fees are set" for the successful

2    representation of social security disability claimants in court.  Gisbrecht, 535 U.S. at

3    807(emphasis added); see  Mudd v. Barnhart, 418 F.3d 424, 428 (4th Cir. 2005) ("Gisbrecht

4    held that the lodestar approach was inappropriate for evaluating a contingent-fee agreement

5    under § 406(b).... As long as the agreement does not call for a fee above the statutory ceiling

6    of twenty-five percent of awarded past-due benefits, noted the Court, § 406(b) simply instructs

7    a court to review the agreement for reasonableness.")(internal citations omitted).

8        Plaintiff retained petitioner to represent her in this action for judicial review of the

9    Commissioner's decision denying benefits, and plaintiff executed a written contingent fee

10   agreement obligating her to pay petitioner a contingent fee in an amount equal to 25% of any

11   past-due benefits award obtained. [See LaTour Decl., Ex. 1].  Under Gisbrecht, the court

12   examines a lawful contingent fee agreement only to assure that the enforcement of that

13   agreement is reasonable.   The court may consider factors such as the character of the

14   representation, the results achieved, the ratio between the amount of any benefits award and

15   the time expended, any undue delay attributable to counsel that caused an accumulation of

16   back benefits, and whether the requested fee award would constitute a "windfall" to the

17   attorney.  See Gisbrecht, 535 U.S. at 808; Mudd, 418 F.3d at 428; see, e.g., Hearn v. Barnhart,

18   262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) (awarding section 406(b) fees post-Gisbrecht

19   where (1) counsel sought less than the maximum 25% contingent fee allowed by law; (2)

20   counsel "faced a substantial risk of loss" because the plaintiff alleged a variety of impairments

21   that "were not susceptible to clear and straightforward forms of proof, and some of which

22   involved lengthy and complicated medical histories"; (3) "Congress has indicated the

23   permissibility, within limits, of rewarding attorneys for assuming the risk of going

24   uncompensated for representing Social Security claimants" ; (4) the value of the benefits award

25   to the plaintiff was "substantially more than the past-due benefits on which the fee is based"

26   because the plaintiff also received ongoing disability benefits;(5) counsel devoted "considerable

27   time and careful attention" to the case; and (6) "[p]etitioner's challenge to the ALJ's

28

4

1  determination at step five was central to the court's decision to remand the case to the
2  Commissioner") (citations omitted).

3      In this case, several factors weigh in favor of granting petitioner's fee request. First,
4  petitioner obtained a favorable result for his client in the form of a remand for further
5  administrative proceedings, which in turn led to a sizeable award of past-due benefits as well
6  as ongoing disability insurance benefits. [LaTour Decl., Ex. 5].

7      Second, petitioner's requested § 406(b) fee does not exceed the maximum 25%
8  contingent fee authorized by law and by petitioner's contingent fee agreement with plaintiff.
9  [See LaTour Decl., Ex. 1].

10     Third, this case carried with it the risk of loss inherent in social security disability
11 contingent-fee cases.  If petitioner had not succeeded in obtaining a decision in his client's
12 favor, he would have recovered no fee.  See Faircloth v. Barnhart, 398 F.Supp.2d 1169, 1173-
13 74 (D.N.M. 2005)(noting that "a report from the Social Security Advisory Board reveals that
14 a mere 35% of claimants who file at the United States District Court level will obtain benefits,"
15 and that Congress enacted section 406(b) to curtail "abusive practices of a few attorneys who
16 charged successful claimants anywhere from one-third to one-half of the accrued benefits
17 awarded" but "Congress also sought 'to ensure that attorneys representing successful claimants
18 would not risk nonpayment of appropriate fees'")(quoting Gisbrecht, 535 U.S. at 804-805).

19     Fourth, there is no evidence in the record, nor any suggestion by defendant, that
20 petitioner unduly delayed the resolution of this case or engaged in any overreaching.

21     Fifth, petitioner spent a relatively modest 14.75 hours in attorney time and 7.75 hours
22 of paralegal time litigating this case to a successful resolution in district court, a figure that is
23 well within the norm for social security disability cases. See Patterson v. Apfel, 99 F. Supp.2d
24 1212, 1214 & n.2 (C.D. Cal. 2000) (collecting cases); see also Coppett v. Barnhart, 242
25 F.Supp.2d 1380, 1384-85 (S.D. Ga. 2002) (concluding that the petitioner's "skill and
26 experience in handling social security cases further shows the reasonableness of the fee he is
27 seeking," and noting that "an experienced attorney 'should not be penalized for his efficiency

28

by basing his reimbursement on a lower hourly rate.'")(quoting <u>Lacatena v. Secretary of Health</u> <u>& Human Services</u>, 785 F.Supp. 319, 322 (N.D.N.Y.1992)).

While these factors support petitioner's fee request, one factor arguably does not: the high ratio between the amount of plaintiff's past-due benefits award and the hours expended by petitioner.  Accepting petitioner's representation that the market rate for his paralegal's services is about a third of the market hourly rate for his services [Petition 7], granting petitioner's fee request would result in a de facto hourly rate of about $1,272 for petitioner and $424 for his paralegal.[2]

In <u>Gisbrecht</u>, the Supreme Court cautioned that where "the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is ... in order." <u>Gisbrecht</u>, 535 U.S. at 808 (citing <u>Wells v. Sullivan</u>, 907 F.2d 367, 372 (2d Cir. 1990) and <u>Rodriquez v. Bowen</u>, 865 F.2d 739, 747 (6th Cir. 1989) (en banc)). In <u>Rodgriguez</u>, the Sixth Circuit said that reviewing courts should not hesitate to reduce fees for cases submitted on "boilerplate" pleadings, and that courts "should only allow maximum fees for extensive effort on the part of counsel who have overcome legal and factual obstacles to the enhancement of the benefits awarded to his client." <u>Rodriquez</u>, 865 F.2d at 747.  This case involved more than "boilerplate" pleadings, but it did not involve novel or particularly difficult issues requiring "extensive effort" on the part of counsel.

In evaluating the whether an agreed contingent fee is reasonable under <u>Gisbrecht</u>, district courts "generally have been deferential to the terms of contingency fee contracts in § 406(b) cases, accepting that the resulting de facto hourly rates may exceed those for non contingency-fee arrangements." <u>Hearn</u>, 262 F. Supp. 2d at 1037-38 (collecting post-<u>Gisbrecht</u> section 406(b)cases awarding de facto hourly rates ranging from a low of about $188 to a high of about $695, and approving a contingent fee that amounted to a de facto hourly rate of about $450); <u>see also</u> <u>Mudd</u>, 418 F.3d at 428-429 (affirming a § 406(b) fee award of 25% of the

---

[2]    The relevant algebraic equation is $14.75(3x) + 7.75x = 22{,}0483.50$.

1    claimant's past-due benefits that produced a de facto hourly rate of about $737).  As the court

2    explained in <u>Hearn</u>,

3            any reliance on a non-contingent rate without taking into account the contingent

4            nature of this 42 U.S.C. § 406(b) fee could undercompensate [the plaintiff's

5            counsel].  As <u>Gisbrecht</u> makes clear, § 406(b) fees are, by law, contingent fees....

6            Petitioner agreed to a contingency fee arrangement in which he assumed the risk

7            of receiving nothing for his time and effort if plaintiff was unsuccessful.

8    <u>Hearn</u>, 262 F.Supp.2d at 1037.

9            Two district courts have declined to award contingent fees that would amount more than

10   $1,000 per hour for attorney time, although the award by one of those courts closely

11   approached that benchmark.  See <u>Hodges-Williams v. Barnhart</u>, 2005 WL 3344732, *5 (N.D.

12   Ill. 2005)(holding that a contingent fee of $26,699.75 for 26.50 hours was not reasonable and

13   awarding fees of $350 per hour based on the court's experience deciding fee applications);

14   <u>Brown v. Barnhart</u>, 270 F. Supp. 2d 769, 772-73 (W.D. Va. 2003) (holding that a § 406(b)

15   contingent fee that amounted to an hourly rate of $1,407 constituted an impermissible

16   windfall, but approving a fee amounting to a de facto rate of $977 per hour in view of the

17   results obtained, the contingent nature of the fee, counsel's experience, and the fact that

18   "counsel spent significant time before the agency that cannot be compensated in this forum").

19   A third district court awarded a contingent fee that translates to a higher hourly rate for

20   attorney time than is sought here.  See <u>Claypool v. Barnhart</u>, 294 F.Supp.2d 829, 833-34

21   (S.D.W.Va. 2003) (approving a contingency fee agreement that yielded a de facto rate of

22   $1,433 per hour, and rejecting as inconsistent with <u>Gisbrecht</u> the argument that the court

23   should determine a reasonable hourly rate and multiply it by the number of hours spent).

24           In this case, petitioner disclosed to plaintiff the possibility that his fee could translate

25   into a very high hourly rate.  In her fee agreement with petitioner, plaintiff acknowledged  that

26           I understand that the total fee could amount to several thousand dollars or several

27           hundred dollars per hour on an hourly basis; I understand that my attorney is

28

1        accepting my case because of the possibility of obtaining substantial fees.  I agree

2        to cooperate in any way that I can so that my attorney's full fee is authorized.

3 [LaTour Decl., Ex. 1].  That disclosure and acknowledgment support the reasonableness of

4 petitioner's fee request.

5        On the other hand, plaintiff also indicated in the fee agreement that she understood

6        that in a social security disability case, the Social Security Administration will

7        hold out 25% of the past-due benefits and send the approved fee to my attorney.

8        However, if my case involves an SSI claim, the Social Security Administration will

9        not withhold any money from the SSI back benefits.  Therefore, it will be my

10       responsibility to pay my attorney the fee from the SSI back benefits I receive.

11 [LaTour Decl., Ex. 1].  Because plaintiff received past-due social security disability insurance

12 benefits, not SSI benefits, it is not clear that the fee agreement put her on notice that she

13 would be responsible for paying her attorney his contingent fee directly if the Commissioner

14 did not withhold 25% from her past-due benefits award for the payment of fees.  The notice

15 of award, however, advised plaintiff that the amount withheld for attorney's fees could be

16 challenged by her lawyer as too low. [LaTour Decl., Ex. 1]. In addition, petitioner filed a proof

17 of service showing that he served plaintiff with a copy of his fee petition on June 30, 2004,

18 within sixty days of the date of the notice of award.  Therefore, plaintiff had timely notice of

19 her potential obligation to pay petitioner his contingent fee directly.

20       Considering all of the <u>Gisbrecht</u> factors, enforcement of the fee agreement between

21 petitioner and plaintiff is reasonable, and petitioner's fee request should be granted.

22 ///

23 ///

24 ///

25

26

27

28

**Conclusion**

For the reasons described above, petitioner is awarded attorneys' fees under section 406(b) in the **net amount** of **nineteen thousand, two hundred seventy-four dollars and fifty cents ($19,274.50),** reflecting a gross award under section 406(b) of twenty two thousand, forty-eight dollars and fifty cents ($22,048.50), minus an offset for the EAJA fee of two thousand, seven hundred seventy-four dollars ($2,774.00) already paid to petitioner .

**IT IS SO ORDERED**.

DATED: January 31, 2006

_____/s/_____
ANDREW J. WISTRICH
United States Magistrate Judge